*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0444P (6th Cir.)
File Name: 03a0444p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

BARRY ANTHONY WILLIS,
*Petitioner-Appellant,*

*v.*

No. 02-2445

DAVID SMITH,
*Respondent-Appellee.*

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 02-70028—Bernard A. Friedman, District Judge.

Submitted: December 2, 2003

Decided and Filed: December 16, 2003

Before: MARTIN and MOORE, Circuit Judges;
McKEAGUE, District Judge.[*]

---

### COUNSEL

**ON BRIEF:** Janet A. Van Cleve, OFFICE OF THE
ATTORNEY GENERAL, Lansing, Michigan, for Appellee.
Barry Anthony Willis, New Haven, Michigan, pro se.

---

[*] The Honorable David W. McKeague, United States District Judge
for the Western District of Michigan, sitting by designation.

---

### OPINION

---

BOYCE F. MARTIN, JR., Circuit Judge. Barry Anthony
Willis, a *pro se* Michigan prisoner, appeals a district court
judgment dismissing his petition for a writ of habeas corpus
filed under 28 U.S.C. § 2254. This case has been referred to
a panel of the court pursuant to Sixth Circuit Rule 34(j)(1).
Upon examination, this panel unanimously agrees that oral
argument is not needed. FED. R. APP. P. 34(a).

I.

Following a bench trial in 1995, Willis was found guilty of
conspiring to distribute six hundred fifty grams or more of
cocaine. The court sentenced Willis to life imprisonment
without the possibility of parole and subsequently denied
Willis's motion for a new trial. On direct appeal, the
Michigan Court of Appeals denied Willis's motion for a
remand and affirmed his conviction and sentence. The
Michigan Supreme Court denied leave to appeal.

Thereafter, Willis filed a petition for post-conviction relief
that asserted several claims. The trial court denied Willis
relief on his ineffective assistance of counsel claims, but
granted relief on his sentencing claim, making him eligible
for parole after serving seventeen and one-half years of his
sentence. Willis filed a motion to amend his post-conviction
petition in order to assert a new claim alleging ineffective
assistance of trial counsel, which the trial court denied
because Willis had failed to demonstrate "good cause" under
Michigan Court Rule 6.508(D)(3)(a) for failing to assert that
claim in his appeal as of right. The Michigan Court of
Appeals entered an order dismissing Willis's appeal for lack
of jurisdiction, which the Michigan Supreme Court vacated.
On remand, the Michigan Court of Appeals considered
Willis's application but denied it because Willis had "failed

to meet the burden of establishing entitlement to relief under [Rule] 6.508)(D)." The Michigan Supreme Court also denied leave to appeal for the same reason.

Willis then filed the instant section 2254 petition, essentially arguing that: 1) his trial counsel rendered ineffective assistance by advising him to accept a bench trial before a judge who, while presiding over the trial of Willis's brother and co-defendant, Antawn Willis, commented that "I agree with some of what defense counsel['s] theory is going to be – that Barry [Willis] is the big guy – may be the big guy. It sure looks like it from talking to these witnesses;" 2) appellate counsel rendered ineffective assistance by failing to challenge trial counsel's ineffectiveness in his appeal as of right; 3) the Michigan courts improperly failed to allow expansion of the record by way of an evidentiary hearing under Michigan law; and 4) the Michigan Supreme Court violated the Michigan Constitution by failing to give facts and reasons as to why an evidentiary remand was unwarranted. The district court concluded that Willis had procedurally defaulted his first claim and that his remaining claims lacked merit. However, the district court granted Willis a certificate of appealability as to his first and second claims. This court denied him a certificate of appealability on his third and fourth claims. Willis timely filed the instant appeal, reasserting his claims that his trial and appellate counsel rendered ineffective assistance.

## II.

This court reviews *de novo* a district court's disposition of a habeas corpus petition. *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000). The district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) was based upon an unreasonable determination of the facts in light

of the evidence presented to the state courts. 28 U.S.C. § 2254(d).

Upon review, we conclude that the district court properly held that Willis has procedurally defaulted his ineffective assistance of trial counsel claim and that his ineffective assistance of appellate counsel claim lacks merit. "When a habeas petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review." *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir.), *cert. denied*, 532 U.S. 989 (2001) (citing *Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Picard v. Connor*, 404 U.S. 270, 275-80 (1971)); *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). We have previously explained that procedural default results where three elements are satisfied: (1) the petitioner failed to comply with a state procedural rule that is applicable to the petitioner's claim; (2) the state courts actually enforced the procedural rule in the petitioner's case; and (3) the procedural forfeiture is an "adequate and independent" state ground foreclosing review of a federal constitutional claim. *Maupin*, 785 F.2d at 138.

The first element is satisfied here because Willis failed to comply with Michigan Court Rule 6.508(D)(3), a state procedural rule applicable to his case. Rule 6.508(D) provides, in pertinent part:

(D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion . . .

(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from

the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) good cause for failure to raise such grounds on appeal or in the prior motion, and

(b) actual prejudice from the alleged irregularities that support the claim for relief.

The second element is also satisfied because the state courts enforced Rule 6.508(D)(3) in Willis's case. Willis first raised his ineffective assistance of trial counsel claim in his motion to amend his post-conviction petition. The state trial court denied that motion on the ground that Willis had failed to demonstrate entitlement to relief under Rule 6.508(D), and the Michigan Court of Appeals and Michigan Supreme Court each denied Willis's motion for leave to appeal for the same reason. Finally, Willis's failure to comply with Rule 6.508(D) constitutes an adequate and independent state ground on which to foreclose habeas review because the rule was "firmly established and regularly followed" at the time it was applied in Willis's case. *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir. 1998). Because all three elements are satisfied, Willis has procedurally defaulted his ineffective assistance of trial counsel claim.

A procedural default may be excused, however, if the petitioner demonstrates "that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case." *Seymour*, 224 F.3d at 550; *see also Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). Willis apparently relies on his appellate counsel's failure to raise this claim on direct appeal as cause to excuse the default. Attorney error may constitute cause if it rises to the level of constitutionally ineffective assistance of counsel. *Gravley v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996). In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show that his "counsel's representation fell

below an objective standard of reasonableness" and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *see also McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000). We have held that "appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit." *See Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). Thus, in order to determine whether cause exists for the procedural default of Willis's ineffective assistance of trial counsel claim, we must, ironically, consider the merits of that claim.

We agree with the district court's conclusion that Willis's trial counsel did not render ineffective assistance and, therefore, that his appellate counsel's failure to raise that issue does not constitute cause for the procedural default. Willis argues that the judge's comments during Antawn Willis's trial – *i.e.*, "I agree with some of what the defense counsel['s] theory is going to be – that Barry [Willis] is the big – may be the big guy. It sure looks like it from talking to these witnesses" – reveal that the judge had formed a preconceived notion of Willis's guilt. Willis argues that in those circumstances, it was objectively unreasonable for his trial counsel to advise him to accept a bench trial before that judge rather than exercise his right to a jury trial, particularly without conducting a pre-trial investigation to determine whether the judge had "predetermined the verdict."

We cannot accept Willis's assertion that the trial judge's comments reveal a preconceived notion of Willis's guilt such that it was objectively unreasonable for Willis's counsel to recommend a bench trial. The Supreme Court has explained that "opinions held by judges as a result of what they learned in earlier proceedings" cannot alone establish "bias" or "prejudice" against an individual or his case. *Liteky v. United States*, 510 U.S. 540, 551 (1994); *see also Paradis v. Arave*, 20 F.3d 950, 958 (9th Cir. 1994) (explaining that a trial judge's exposure to evidence, standing alone, does not

demonstrate bias). Despite the judge's comments, Willis's attorney could have reasonably believed that it was better strategy for Willis to be tried by the judge rather than a jury, and Willis has failed to offer any evidence to the contrary.

Moreover, the record illustrates that at the beginning of Willis's trial, the judge discussed the situation with Willis to ensure that his decision to waive his right to a jury trial in favor of a bench trial was made knowingly and voluntarily. During this discussion, the judge candidly acknowledged that he had made comments about Willis during his brother's trial, but assured Willis that despite those comments he had no feelings for or against Willis and that he would disqualify himself if he had such feelings. Willis then confirmed that he wished to be tried by the judge instead of a jury, stating that "it's my will" and "I decided this."

Even if Willis's counsel performed in an objectively unreasonable manner, Willis cannot show "a reasonable probability" that "the result of the proceeding would have been different" but for his counsel's errors. *Strickland*, 466 U.S. at 694. Willis has presented no evidence that the judge's rulings were biased in any way or that the trial was otherwise unfair. Moreover, Willis's conviction was fully supported by the overwhelming evidence presented by the government.

Because Willis's claim of ineffective assistance of trial counsel lacks merit, his appellate counsel's failure to raise that claim on direct appeal cannot be deemed constitutionally deficient performance. *See Greer*, 264 F.3d at 676; *see also Seymour*, 224 F.3d at 551 (reasoning that counsel need not raise every conceivable colorable claim on appeal in order to fulfill his or her duty to a client). Therefore, Willis cannot rely upon ineffective assistance of appellate counsel as cause to excuse for the procedural default. In light of our conclusion that no cause exists for the procedural default, we decline to consider whether Willis has demonstrated the requisite prejudice. *Simpson v. Jones*, 238 F.3d 399, 408 (6th Cir. 2000) ("When a petitioner fails to establish cause to

excuse a procedural default, a court does not need to address the issue of prejudice.") (citing *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983)).

Nor has Willis demonstrated that, notwithstanding the procedural default, we should review his ineffective assistance of trial counsel claim to avoid a miscarriage of justice. To secure review of his procedurally defaulted claim for that reason, Willis must submit new and reliable evidence of his actual innocence. *See Schlup v. Delo*, 513 U.S. 298 (1995). Willis has submitted no such evidence.

For the foregoing reasons, we hold that Willis is barred by reason of procedural default from obtaining adjudication of his ineffective assistance of trial counsel claim, and that his ineffective assistance of appellate counsel claim lacks merit. Accordingly, we AFFIRM the district court's judgment denying Willis's petition for a writ of habeas corpus.