**Teddy Eugene MCKENZIE, Petitioner–Appellant,**

v.

**Kurt JONES, Warden, Respondent–Appellee.**

No. 02–2299.

United States Court of Appeals, Sixth Circuit.

April 23, 2004.

Teddy Eugene McKenzie, Carson City, MI, pro se.

Laura Graves Moody, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before: BOGGS, Chief Judge; NELSON and SUTTON, Circuit Judges.

### ORDER

Teddy Eugene McKenzie appeals from a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1990, a jury convicted McKenzie of first degree murder, and the trial court sentenced him to a mandatory term of nonparolable life imprisonment. In 2000, McKenzie filed his § 2254 petition, alleging that: 1) the trial court improperly refused to appoint a forensics expert to assist him; 2) the trial court improperly refused to allow him to impeach a witness with a prior conviction; 3) the trial court failed to instruct the jury concerning an accomplice witness; 4) his trial counsel erroneously advised him that a prior conviction could be used against him if he testified; 5) the prosecutor suppressed evidence of favored treatment for a witness; 6) his trial counsel rendered ineffective assistance by failing to take an interlocutory appeal and not raising challenges on the other issues addressed in his petition; and 7) his appellate counsel rendered ineffective assistance by not challenging the trial court's refusal to appoint a forensics expert. Over McKenzie's objections, the district court adopted the magistrate judge's report and recommendation, concluded that McKenzie's claims were without merit, and dismissed the petition. While the court denied McKenzie's motion for reconsideration, the court did grant McKenzie a certificate of appealability for the following issues: 1) whether his trial counsel rendered ineffective assistance by not filing an interlocutory appeal from the trial court's refusal to appoint a forensics expert; and 2) whether his appellate counsel rendered ineffective assistance by not raising this issue on appeal. In his timely appeal, this court denied McKenzie's motion for a certificate of appealability on his remaining claims.

Upon review, we conclude that the district court properly dismissed McKenzie's habeas petition. This court reviews de novo a district court's dismissal of a § 2254 petition, but reviews the court's factual findings for clear error. *Bugh v. Mitchell*, 329 F.3d 496, 500 (6th Cir.), *cert. denied*, —— U.S. ——, 124 S.Ct. 345, 157

L.Ed.2d 236 (2003). The district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: 1) was contrary to, or involved an unreasonable application of, clearly established federal law; or 2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d).

McKenzie has procedurally defaulted review of his ineffective assistance of trial counsel claim. While McKenzie argues that his trial counsel rendered ineffective assistance by not filing an interlocutory appeal from the trial court's refusal to appoint a forensics expert, he did not raise this issue in his direct appeal. Instead, he raised the issue for the first time in his state post-conviction motion. Both the Michigan Court of Appeals and the Michigan Supreme Court denied McKenzie's application for leave to appeal the trial court's denial of his post-conviction motion because McKenzie failed to meet his burden of establishing an entitlement to relief under Mich. Ct. R. 6.508(D). This court has determined that the Michigan courts' invocation of Rule 6.508(D) is sufficient to establish that the state courts are relying on the petitioner's failure to raise his claims on direct appeal as the basis for not considering the claims. *Burroughs v. Makowski*, 282 F.3d 410, 413–14 (6th Cir. 2002); *Simpson v. Jones*, 238 F.3d 399, 407–08 (6th Cir.2000). Since the state courts relied on McKenzie's failure to comply with its rules, he is barred by this procedural default from seeking federal habeas review of the ineffective assistance of counsel claim, unless he can show cause and prejudice for the default. *Lancaster v. Adams*, 324 F.3d 423, 436 (6th Cir.), *cert. denied*, —— U.S. ——, 124 S.Ct. 535, 157 L.Ed.2d 409 (2003).

In order to establish cause, McKenzie raises his second issue, that his appellate counsel rendered ineffective assistance by not challenging trial counsel's effectiveness in failing to file an interlocutory appeal. Appellate counsel need not raise every nonfrivolous issue on direct appeal, *Jones v. Barnes*, 463 U.S. 745, 751–52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir.2003), and the presumption of effective assistance of appellate counsel will be overcome only when the ignored issues are clearly stronger than the issues presented. *Joshua*, 341 F.3d at 441; *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir.2002). Appellate counsel is not ineffective for failing to raise an issue that lacks merit. *Willis v. Smith*, 351 F.3d 741, 745 (6th Cir.2003); *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir.2001). As we conclude that McKenzie's underlying ineffective assistance of trial counsel issue is without merit, his appellate counsel did not render ineffective assistance in failing to raise the issue on direct appeal.

Prior to trial, McKenzie's counsel moved for the appointment of a forensics expert, Dr. Werner Spitz, but the court denied the motion because Dr. Spitz was too expensive. Under Michigan law, a trial court is not compelled to provide funds for the appointment of an expert on demand, and the trial court does not abuse its discretion in denying a motion for an expert without an indication that the expert testimony would likely benefit the defense. *People v. Tanner*, 469 Mich. 437, 671 N.W.2d 728, 730–31 (2003). To obtain the appointment of an expert, the defendant must demonstrate a nexus between the facts of the case and the need for the expert; it is insufficient to show a mere possibility of assistance from the requested expert. *Id.* at 730.

McKenzie's speculation as to the potential benefit he would have received from an

expert is insufficient to establish that the trial court abused its discretion in denying his motion and even if McKenzie had demonstrated that he was entitled to the appointment of a forensics expert, he still would not have succeeded on his claim that the trial court should have appointed Dr. Spitz; McKenzie did not have a constitutional right to the appointment of an expert of his personal liking, or to receive funds to hire his own. *Ake v. Oklahoma,* 470 U.S. 68, 83, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985); *Smith v. Mitchell,* 348 F.3d 177, 208 (6th Cir.2003); *Thompson v. Bell,* 315 F.3d 566, 588 (6th Cir.), *cert. denied,* ⸺ U.S. ⸺, 124 S.Ct. 804, 157 L.Ed.2d 701 (2003).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.