KETHLEDGE, Circuit Judge.
According to a Michigan jury, in 1988 Donald Malone shot and killed a man outside of a grocery store in Detroit, Michigan. The jury convicted Malone of first-degree murder and using a gun during the commission of that felony. Malone was given a life sentence for the murder and a two-year consecutive sentence for the gun charge. For more than twenty years, Malone has unsuccessfully challenged his convictions through direct and collateral review in state court, and habeas corpus review in federal court. His case is now before us on appeal from the district court’s denial of his habeas petition.
In the district court, Malone claimed that his trial and appellate counsel were ineffective, that the prosecutor committed misconduct, and that newly discovered evidence entitled him to a new trial. The district court denied his petition on the merits. The court thereafter granted a certificate of appealability for Malone’s *804 claims based on prosecutorial misconduct and newly discovered evidence. Both the district court and this court declined to grant a certificate on Malone’s ineffective assistance of counsel claims.
As Malone’s counsel now concedes, new evidence does not constitute a freestanding ground for habeas relief. See Cress v. Palmer, 484 F.3d 844, 854 (6th Cir.2007). So we review the new evidence only as it supports Malone’s prosecutorial-miscon-duct claims.
Malone claims that the prosecutor violated his Sixth Amendment rights by impeaching a trial witness with questions that implied the prosecutor’s personal knowledge about the subject of the witness’s testimony. Malone also claims that the prosecutor knowingly put on perjured testimony by allowing several witnesses to testify to facts that, according to Malone, were directly contradicted by statements contained in a redacted police report. The State responds that both claims are procedurally barred. We review that issue de novo. Gulertekin v. Tinnelman-Cooper, 340 F.3d 415, 418 (6th Cir.2003).
A claim is procedurally barred if the state court enforces a state procedural rule as an adequate and independent ground to deny relief of a federal constitutional claim. See Carter v. Mitchell, 443 F.3d 517, 537-38 (6th Cir.2006). In that event, the court’s “discussion of the merits of the claim will not disturb the procedural bar.” Id. at 538 (internal quotation marks omitted).
That rule governs here. Malone first raised his prosecutorial-misconduct claims in a motion for relief from judgment in the state trial court. The court issued a reasoned order denying relief to Malone. The Michigan court of appeals and supreme court denied leave to appeal in orders that merely cited Michigan Court Rule 6.508(D). “[F]orm orders ... citing 6.508(D) are ambiguous,” however, so we “look to the last reasoned state court opinion to determine the basis for the state court’s rejection” of Malone’s claims. Guilmette v. Howes, 624 F.3d 286, 291 (6th Cir.2010) (en banc). That means here we look back to the state trial court’s order denying relief from judgment.
That court explained at length that Malone’s prosecutorial-misconduct claims were procedurally barred under state law. That holding was an adequate and independent state-law ground for the court’s decision. That the court parenthetically noted that the claims were without merit does not change the adequate and independent character of its procedural holding. See Carter, 443 F.3d at 538. As a result, we may not grant relief on these claims unless Malone can establish “cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default.” Seymour v. Walker, 224 F.3d 542, 550 (6th Cir.2000).
Malone argues that his appellate counsel’s ineffectiveness establishes cause for his failure to raise these claims in his direct appeal. “Attorney error may constitute cause if it rises to the level of constitutionally ineffective assistance of counsel.” Willis v. Smith, 351 F.3d 741, 745 (6th Cir.2003). But Malone presented this same argument — appellate-counsel ineffectiveness — as an independent claim before the district court. We think the district court properly rejected that claim, and we did not find the issue close enough to warrant even a certificate of appealability. We do not see its merits any differently now. Malone therefore “cannot rely upon ineffective assistance of appellate counsel as cause to excuse ... the procedural default.” Id. at 746.
Of course, if Malone’s newly discovered evidence supported a credible claim of actual innocence, it could excuse his proce *805 dural default in order to avoid a miscarriage of justice. See Schlup v. Delo, 513 U.S. 298, 314-17, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). To show that his case is the “extraordinary” one warranting application of this exception, Malone must demonstrate “that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.” Id. at 321, 327, 115 S.Ct. 851. Although Malone’s new evidence tends to undercut the prosecution’s identification evidence, it is not the kind of “exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence” that is typically necessary to obtain this relief. McCray v. Vasbinder, 499 F.3d 568, 571 (6th Cir.2007) (internal quotation marks omitted); see also id. at 571-77. So we cannot apply this exception here.
We also agree with the district court’s denial of each claim on the merits. First, the prosecutor’s supposed testimony (in questioning a trial witness) was entirely cumulative of testimony from three other witnesses who impeached the same witness with the same evidence. Compare Berger v. United States, 295 U.S. 78, 84-88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935) (prosecutor testified as to facts not otherwise admitted at trial). And second, we agree with the district court’s conclusion — which was exhaustively reasoned — that Malone has not demonstrated that any testimony introduced by the prosecution “was false, that the prosecution knew it was false, and that it was material.” Byrd v. Collins, 209 F.3d 486, 517 (6th Cir.2000).
We have no basis, therefore, to afford Malone relief on his claims. The district court’s judgment is affirmed.