NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0384n.06

No. 15-3686

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 07, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CLIFTON ONUNWOR, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| ERNIE L. MOORE, Warden, | ) | DISTRICT OF OHIO |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

**BEFORE:  KETHLEDGE and WHITE, Circuit Judges; and COHN, District Judge.**[*]

**HELENE N. WHITE, Circuit Judge.**  Clifton Onunwor appeals the district court's

dismissal of his petition for habeas corpus relief under 28 U.S.C. § 2254.  The district court

found Onunwor's claims procedurally defaulted for failure to comply with a state procedural

rule.  We **AFFIRM** the district court's dismissal of Onunwor's petition.  To the extent Onunwor

raises claims on appeal for which he was not granted a certificate of appealability, we **DISMISS**

for lack of jurisdiction.

**I.**

Clifton Onunwor was convicted of the aggravated murder of his mother and related

charges in connection with her 2008 shooting death.  While his direct appeal was pending,

Onunwor filed a petition for postconviction relief in the Ohio Court of Common Pleas arguing

that 1) trial counsel was ineffective for failing to investigate Onunwor's phone records, which

---

[*] The Honorable Avern Cohn, Senior United States District Judge for the Eastern District
of Michigan, sitting by designation.

Onunwor alleged revealed exculpatory evidence and impeached the testimony of several prosecution witnesses, 2) the State withheld exculpatory evidence, and 3) the phone records and additional witness statements demonstrated that Onunwor is actually innocent. In January 2012, the Court of Common Pleas denied Onunwor's petition without a hearing, concluding with respect to his ineffective-assistance-of-counsel claim that the phone records did not exonerate him, and that the records would not have impeached the prosecution's witnesses to such a degree that the outcome of the trial would have been different.

The Ohio Court of Appeals affirmed, holding, inter alia, that it was "prevented from examining [Onunwor's] alleged ineffective assistance of counsel claim due to his failure to furnish the court with the transcripts and exhibits from his trial." *State v. Onunwor*, No. 97895, 2012 WL 4951137, *4 (Ohio Ct. App. Oct. 18, 2012). The court reasoned that Ohio law places the burden on the appellant to produce the transcripts necessary for evaluating a lower court's decision; that it could not evaluate whether the trial court properly denied the postconviction petition without reviewing the trial transcripts; and that without such transcripts, the court must "presume regularity in the proceedings below." *Id.* The court noted, however, that its review of the phone records did not reveal exculpatory evidence.[1] *Id.* at *4-5.

Onunwor then filed in the Ohio Court of Appeals an application for reconsideration and motion to supplement the record with the trial transcripts, explaining that he believed the transcripts were already part of the record because he had filed them on direct appeal, and due to the requirement in Ohio Revised Code § 2953.1(C) that the postconviction trial court review the trial transcript. Onunwor's postconviction counsel Erika Cunliffe (Cunliffe) noted in the motion

---

[1] The court also held that Onunwor's prosecutorial-misconduct claim was barred by res judicata because he could have raised it on direct appeal. *Onunwor*, 2012 WL 4951137, at *3.

that she had represented "numerous" petitioners appealing from denials of state postconviction relief and "[t]he presence of the trial transcript ha[d] never been an issue." (PID 1609 n.1.) The Ohio Court of Appeals denied the application for reconsideration and the Ohio Supreme Court declined jurisdiction.

Through new assigned counsel, Onunwor filed the instant § 2254 petition, arguing his trial counsel was ineffective for failing to investigate and obtain his cell phone records, which he asserts would have impeached the testimony of the only two State witnesses who testified about "prior calculation and design," a required element of aggravated murder. Onunwor also contended the cell phone records would have demonstrated that the cell phone he purportedly used to cover up the murder was deactivated at the time. Finally, Onunwor requested an opportunity to conduct discovery to factually develop his claim that the State withheld favorable evidence.[2] Warden Ernie Moore (the Warden) responded that Onunwor procedurally defaulted his ineffective-assistance-of-counsel claims by failing to provide the trial transcripts to the Ohio Court of Appeals as required by Ohio Appellate Rule 9(B), and, in the alternative, that the petition failed on the merits.

Onunwor filed a Traverse, and on the same day filed a motion for discovery, requesting discovery regarding which cell-phone records the State turned over to defense counsel prior to trial. In an Order dated April 1, 2015, a magistrate judge denied the motion for discovery. Onunwor filed objections to this Order, but the district court did not rule on them.

On April 30, 2015, the magistrate judge recommended the district court dismiss Onunwor's ineffective-assistance-of-counsel claims as procedurally defaulted because Onunwor

---

[2] Onunwor did not assert a stand-alone due-process claim for prosecutorial misconduct, noting only, "Mr. Onunwor presents a potential habeas claim for violation of his due process [rights] and the right to a fair trial, that remains undeveloped." (PID 87.)

failed to comply with Ohio Appellate Rule 9(B) in appealing the denial of his state postconviction petition. Onunwor objected to the Report and Recommendation, raising the same arguments made in his prior filings, and contending that the magistrate judge erred in not considering an affidavit from state-postconviction counsel Cunliffe, in which she asserted that in her prior postconviction cases in Ohio appellate courts, the presence of the transcript had not been an issue. The district court rejected Onunwor's objections and adopted the Report and Recommendation in its entirety, but granted Onunwor a certificate of appealability on the court's procedural rulings.

## II.

Procedural default bars federal habeas review where a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule[,] . . . unless the prisoner can demonstrate cause for the default and actual prejudice," or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). We review de novo a district court's determination that procedural default forecloses review of a petitioner's claims. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

## A.

This court will find a claim procedurally defaulted if the petitioner fails "to obtain consideration of [the] claim by a state court . . . due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim." *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (quoting *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000)) (internal quotation marks omitted); *see also Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977). Thus, a claim is procedurally barred where:

> (1) [T]he petitioner failed to comply with a state procedural rule that is applicable to the petitioner's claim; (2) the state courts actually enforced the procedural rule in the petitioner's case; and (3) the procedural forfeiture is an "adequate and independent" state ground foreclosing review of a federal constitutional claim.

*Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003).

For a state procedural rule to be adequate, it must be "'firmly established' and 'regularly followed' by the time it was applied." *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002) (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)). "Failure to comply with well-established and normally enforced procedural rules usually constitutes 'adequate and independent' state grounds for foreclosing review." *Lundgren*, 440 F.3d at 763.

The Ohio Court of Appeals denied Onunwor's postconviction appeal on his ineffective-assistance claim for failure to comply with Ohio Appellate Rule 9(B), which provides that "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record . . . are transcribed in a form that meets the specifications of App. R. 9(B)(6)," Ohio App. R. 9(B)(1), and that "[t]he appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court," *id.* 9(B)(3). The rule also provides alternative means of complying with the latter requirement where no transcript exists. *See id.* 9(B)(4), (C), (D). Ohio courts have interpreted Rule 9(B) as recognizing that "[t]he duty to provide a transcript for appellate review falls upon the appellant . . . because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Labs.*, 400 N.E.2d 384, 385 (Ohio 1980) (per curiam). Consequently, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.*; *see also State ex rel.*

*Bardwell v. Cuyahoga Cty. Bd. of Comm'rs*, 937 N.E.2d 1274, 1278 (Ohio 2010); *Yates v. Brown*, 925 N.E.2d 669, 675 (Ohio Ct. App. 2010).

Onunwor concedes that he did not file the trial transcripts with the state court of appeals in appealing the denial of his state postconviction petition, and that the Ohio Court of Appeals enforced Appellate Rule 9(B) in dismissing his postconviction appeal, but argues that there is "doubt" as to whether he failed to comply with the rule because he filed the transcripts on direct appeal, and that the rule is not "well-established and normally enforced," and thus cannot serve as the basis for procedural default. (Onunwor Br. 42.)

Although the district court relied only on *Knapp* and the text of Rule 9 in finding Onunwor's claims procedurally defaulted, Ohio courts regularly cite both for the proposition that "the appellant has the duty to provide a transcript for appellate review," *State v. Conner*, 948 N.E.2d 497, 501 (Ohio Ct. App. 2011), and invoke this rule where the appellant has failed to file a transcript that is necessary to permit consideration of the assigned errors. *See, e.g.*, *State ex rel. Bardwell*, 937 N.E.2d at 1278; *Krost v. Baltz*, No. 80252, 2002 WL 1348221, *1-2 (Ohio Ct. App. June 20, 2002); *State v. Estrada*, 710 N.E.2d 1168, 1170 (Ohio Ct. App. 1998); *Chaney v. East*, 646 N.E.2d 1138, 1140 (Ohio Ct. App. 1994). And, in *Gonzales v. Wolfe*, 290 F. App'x 799 (6th Cir. 2008), this court held that Ohio Appellate Rule 9(B) was an adequate and independent state ground to bar federal review of the petitioner's claim. *Id.* at 804-05.

Although those cases involved direct appeals, Ohio courts have applied Rule 9(B) and *Knapp* in appeals from the denial of postconviction relief where the petitioner failed to provide the appellate court with a transcript of the original trial proceedings and that transcript was necessary to resolution of the assigned errors. *See, e.g.*, *State v. Perry*, No. 2010-CA-00185, 2011 WL 302143, *13-14 (Ohio Ct. App. Jan 24, 2011); *State v. Wright*, No. 08AP-1095, 2009

WL 2872994, *3 (Ohio Ct. App. Sept. 8, 2009); *State v. McCuller*, No. 89834, 2007 WL 4200634, *2 & n.7 (Ohio Ct. App. Nov. 29, 2007); *State v. Socha*, No. 80002, 2002 WL 538754, *6 (Ohio Ct. App. Apr. 11, 2002); *State v. Wilson*, No. 72740, 1998 WL 241933, *1-3 (Ohio Ct. App. May 14, 1998); *State v. Roberts*, 585 N.E.2d 934, 936 (Ohio Ct. App. 1991). These cases refute Onunwor's assertion that the rule has been applied differently in the context of postconviction appeals where the relevant trial transcript was filed in the direct appellate proceedings.[3]

Ohio Revised Code § 2953.21(C)'s requirement that a postconviction trial court review, among other things, the "court reporter's transcript," does not render Rule 9(B) ambiguous in the context of postconviction appeals. At best, this provision suggests that a trial transcript is accessible to the appeals court, presuming the postconviction trial court adhered to the statute and reviewed the transcript.[4] However, it does not negate the clear Ohio precedent based on Rule 9(B) and *Knapp* placing the burden on the appellant to ensure transcripts necessary to adjudicating assigned errors are filed with the appellate court. That Ohio courts have applied Rule 9(B) in postconviction appeals where the relevant transcript was from the original trial proceedings—thus presumably would have been reviewed by the postconviction trial court pursuant to § 2953.21(C)—further undermines Onunwor's contention that § 2953.21(C) creates ambiguity in Rule 9(B)'s application in this context. And, in any event, we must defer to the

---

[3] Although it is unclear whether transcripts were filed on direct appeal in all of these cases, in at least two—both from the Eighth District Court of Appeals, which heard Onunwor's appeal—the direct-appeal opinion references specific trial testimony, suggesting that the trial transcripts were filed on direct review. *See State v. McCuller*, No. 86592, 2006 WL 199047, *1-2 (Ohio Ct. App. Jan. 26, 2006); *State v. Socha*, No. 76913, 2001 WL 498613, *1-2 (Ohio Ct. App. May 10, 2001).

[4] Although the postconviction trial court appears to have considered the transcript in this case, it is unclear how it obtained that transcript.

Ohio courts' interpretation of their own rule. *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001).

Nor does Cunliffe's affidavit demonstrate that Rule 9(B) is not firmly established or regularly followed. Cunliffe attested that she had handled "several appeals from dismissals of petitions for post conviction relief," and that in those appeals, she had not "supplemented the record with the transcript from the original appeal" because "it was [her] understanding that the Court of Appeals would simply access the trial transcript from the courthouse basement, where it is kept." (PID 98.) However, in Ohio, "[t]ranscripts are not always a necessity in postconviction relief cases" because postconviction petitions can raise matters outside the record. *State v. Fields*, 736 N.E.2d 933, 936 (Ohio Ct. App. 1999). Thus, without knowing the context of those cases, the court cannot determine whether they present instances of the Ohio appellate courts ignoring Rule 9(B). And, although Cunliffe cited two cases where she had not filed the trial transcripts in appealing the denial of postconviction relief, but the court of appeals nonetheless "took note of the trial proceedings," (*see* PID 1609 n.9), two isolated cases are "insufficient to defeat an otherwise 'strict and regular' practice." *See Coe v. Bell*, 161 F.3d 320, 331 (6th Cir. 1998); *see also Franklin v. Anderson*, 434 F.3d 412, 421 (6th Cir. 2006) (distinguishing inadequate rule before it from cases where a rule is well established, but the courts allow an "occasional act of grace"). Thus, we agree with the district court that Onunwor procedurally defaulted his ineffective-assistance-of-counsel claims.

**B.**

A petitioner may obtain relief despite procedural default "only by showing that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case." *Seymour*, 224 F.3d at 550.

To demonstrate cause, a petitioner must show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Lundgren*, 440 F.3d at 763-64 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Onunwor contends that Cunliffe's ineffective assistance in failing to file the trial transcript with the postconviction appellate court establishes cause to excuse the default.[5]

"Attorney error may constitute cause [to excuse procedural default] if it rises to the level of constitutionally ineffective assistance of counsel." *Willis*, 351 F.3d at 745; *see also Murray*, 477 U.S. at 488. However, because there is "no constitutional right to an attorney in state post-conviction proceedings," *Coleman*, 501 U.S. at 725, ineffective assistance of *postconviction* counsel may only establish cause for procedural default in limited circumstances:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, *in the initial-review collateral proceeding*, there was no counsel or counsel in that proceeding was ineffective.

*Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) (emphasis added); *see also Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013) (holding that *Martinez* applies where a "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal").

Even assuming the *Martinez-Trevino* framework applies to Ohio postconviction petitions,[6] Cunliffe's failure to file the trial transcripts in the postconviction appeal cannot

---

[5] Although Onunwor maintains his innocence, he does not argue procedural default should be excused based on a fundamental miscarriage of justice.

[6] This court has held that *Martinez* does not apply in Ohio because the state permits raising ineffective-assistance-of-counsel claims on direct appeal. *Moore v. Mitchell*, 708 F.3d

provide cause for the default. Onunwor does not assert cause based on postconviction counsel's performance in an initial-review collateral proceeding; rather, he argues his postconviction counsel was ineffective on appeal from the denial of state postconviction relief. In *Martinez*, the Supreme Court explicitly stated that its holding did not extend to "appeals from initial-review collateral proceedings." 132 S. Ct. at 1320. Accordingly, this court has held that "the *Martinez-Trevino* exception does not extend to attorney error at post-conviction *appellate* proceedings because those proceedings are not the 'first occasion' at which an inmate could meaningfully raise an ineffective-assistance-of-trial-counsel claim." *Atkins*, 792 F.3d at 661 (quoting *West v. Carpenter*, 790 F.3d 693, 698 (6th Cir. 2015)) (emphasis in original); *see also Williams v. Mitchell*, 792 F.3d 606, 615 (6th Cir. 2015). Thus, any error by postconviction appellate counsel cannot excuse procedural default in this case.

### III.

Onunwor also contends this court should remand because the district court has not yet ruled on his objections to the magistrate judge's Order denying his motion to conduct discovery. However, the district court did not grant a certificate of appealability on this issue, nor has Onunwor requested one. Without a certificate of appealability, this court does not have jurisdiction to decide this issue. 28 U.S.C. § 2253(c)(1)(A); *see also United States v. Bryant*, 246 F.3d 650, 653 (6th Cir. 2001).

---

760, 785 (6th Cir. 2013). The Sixth Circuit has not yet ruled on whether *Trevino* applies in Ohio, but has indicated that it may apply to cases such as Onunwor's, where ineffective-assistance-of-counsel claims rely on evidence outside the record, and therefore generally are not raised on direct review. *See McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 751-52 (6th Cir. 2013). However, the court need not decide this issue here.

## IV.

For these reasons, we **AFFIRM in part** and **DISMISS in part**.

**AVERN COHN, District Judge, concurring.** I concur in the result reached by the lead opinion that Onunwor's claims are procedurally defaulted for failure to comply with a state court procedural rule that requires counsel to furnish the court with a copy of the transcript and exhibits from his trial. I fail to understand, however, why when it was obvious that the transcripts were not filed, that the Ohio appellate courts did not direct counsel to do so. It seems this was a simple solution to a technical error. This is particularly so where there appears to be no dispute that the transcript was filed on Onunwor's direct appeal and therefore was already part of the file of the case. Onunwor lost the right to have his claims heard on the merits as a consequence of his counsel's negligence and a strict adherence to a procedural rule. This is a demonstration where the procedural default doctrine in habeas jurisprudence does little to advance justice and simply exalts form over substance. Baron Parke would have been pleased with the outcome.