NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0270n.06

Case No. 17-1867

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

ANTONIO STALLING,            )
                             )
        Petitioner-Appellant,  )
                             )    ON APPEAL FROM THE UNITED
v.                           )    STATES DISTRICT COURT FOR
                             )    THE EASTERN DISTRICT OF
SHERRY BURT,                 )    MICHIGAN
                             )
        Respondent-Appellee.   )    **OPINION**

**FILED**
May 24, 2019
DEBORAH S. HUNT, Clerk

BEFORE: GUY, SUTTON, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge. Antonio Stalling seeks habeas relief for alleged violations of the Sixth Amendment during his trial in Michigan state court. The district court rejected his petition on the merits and granted him a certificate to appeal two of his issues. But we see no reason to wade into the merits of Stalling's claims. He failed to preserve the errors during his trial and is barred from contesting them now. We affirm.

A Michigan jury convicted Stalling of assault with the intent to murder after he fired several shots at his cousin, Isaac Johnson, on New Year's Eve. The trial lasted only two days, with Johnson's testimony taking up most of that time. He was the only witness who could identify Stalling as the shooter—a claim he first made several days after the attack and that he repeated under oath during Stalling's preliminary examination. But by trial, Johnson had second thoughts. He told the jury that he was no longer sure Stalling shot him. So the prosecutor introduced Johnson's prior statements, and the parties spent most of the trial examining and cross-examining

his changing story. At the end of it all, the jury apparently believed Johnson's first account. It convicted Stalling of assault, along with two other related felonies.

Though it lasted only two days, the trial was not without controversy. The judge made two decisions that eventually found their way to this appeal. Both decisions created at least colorable claims under the Sixth Amendment—one under the Confrontation Clause and the other under the Public Trial Clause. But at the time, Stalling did not make any objections to preserve his constitutional rights. So the trial moved along without either issue coming to light.

The first error arose during Johnson's testimony. Both parties thoroughly questioned Johnson about what he saw and why his story changed. That included several questions about whether Stalling or any of his friends and family threatened Johnson over his accusation. But one line of questioning was left unexplored. Stalling's counsel tried to ask Johnson whether the prosecutor had threatened to charge him with perjury if he changed his testimony after the preliminary examination. The prosecutor objected, and the judge said the question was "improper." R. 7-3, Trial Tr. Vol. I at 180, PageID 472. Then, after an off-the-record bench conference, Stalling's counsel moved on. No one raised a Confrontation Clause issue over the decision to limit his cross-examination.

The second error happened twice. The judge locked the courtroom during opening and closing arguments to prevent distractions. While she did not remove anyone from the courtroom, she prevented people from entering (or leaving) during the arguments. Stalling contends that this violated his right to a public trial. But, again, no one objected to the judge's decision—which she announced to the courtroom before both arguments.

On appeal, Stalling raised these two constitutional issues with the Michigan Court of Appeals. But he ran into trouble over his failure to preserve the claims below. Like federal courts,

2

Michigan requires that parties make contemporaneous objections to errors at trial. *People v. Carines*, 597 N.W.2d 130, 139 (Mich. 1999). A failure to do so prevents the appellate court from reaching the merits, instead limiting it to reviewing the claim under Michigan's version of plain error. *Id*. So rather than address the constitutional issues on the merits, the Michigan Court of Appeals only considered whether the trial court made any plain errors that affected Stalling's substantial rights. *See People v. Stalling*, 2014 WL 2917312, at *1, *12–13 (Mich. Ct. App. 2014). And after finding that any constitutional errors could not overcome the high bar of plain-error review, the court denied his appeal. *Id*.[1]

Stalling then petitioned for habeas relief under 28 U.S.C. § 2254, raising his Sixth Amendment claims (among others) as grounds for relief. The State of Michigan argued that Stalling defaulted on both claims because the appellate court denied them under plain-error review after he failed to preserve them during the trial. But the district court went straight to the merits. It rejected both claims and certified them for appeal.

We find the procedural bar too straightforward to skip over. Stalling did not preserve his claims in state court, and he provides no reason for us to excuse his default.

Federal courts cannot ordinarily grant habeas relief for claims that the petitioner defaulted in state court. *See Seymour v. Walker*, 224 F.3d 542, 549–50 (6th Cir. 2000). Defaults take on many forms. Perhaps most obviously, a petitioner defaults by failing to raise the claim in state court. But petitioners also default when they raise the claim but do not follow the state's procedural rules. *See id*. When that happens, we enforce the procedural default so long as the state court did as well. *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003). If the court denied relief based on the

---

[1] Two of the three judges on the panel believed that the trial court erred by locking the courtroom. But both agreed that the error did not satisfy Michigan's "exacting standard" of plain-error review. *See Stalling*, 2014 WL 2917312 at *14.

procedural error, and that decision rested on adequate and independent state grounds, we must deny relief as well. *Id.* (quoting *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

That's the scenario here for both of Stalling's Sixth Amendment claims. He failed to preserve the issues by making contemporaneous objections during the trial. The procedural error led the Michigan Court of Appeals to deny both claims under plain-error review, rather than reach the merits. *See Stalling*, 2014 WL 2917312, at *1, *12–13. And a long line of cases in this circuit makes clear that a state's application of its plain-error review is exactly the kind of procedural default that bars a later habeas petition. *See Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Fleming v. Metrish*, 556 F.3d 520, 530 (6th Cir. 2009); *Keith v. Mitchell*, 455 F.3d 662, 673–74 (6th Cir. 2006).

Stalling disagrees that he defaulted. He argues that the Michigan court's decision, though invoking plain error, was grounded on federal law. Reply Br. at 12–15. That's because, he contends, the court "grappled directly with" his constitutional claims, interweaving them with the state issues. *Id.* at 14–15. So the court's decision did not rest on the kind of adequate and independent state grounds necessary to find a procedural default.

We disagree. The Michigan Court of Appeals unambiguously relied on plain error as the reason for rejecting both claims. For the Confrontation Clause issue, the court held that Stalling "failed to establish *any plain error* that affected a substantial right." *Stalling*, 2014 WL 2917312, at *1 (emphasis added). It did not refer to a single federal case or authority to reject this claim. And on the Public Trial issue, the adequacy of state law was even stronger. Two of the three judges agreed that the trial court violated the Sixth Amendment but still denied the claim because he failed to meet the "exacting standard" of plain-error review. *Id.* at *13–14 (Gleicher, J., concurring);

*accord id*. (Kelly, J. concurring). Stalling's argument that the court interwove federal law into its plain-error analysis simply cannot be squared with the court's opinion.

Nor can he find any relief in the holding from *Knuckles v. Rogers*, 983 F.2d 1067, 1993 WL 11874 (6th Cir. Jan. 21, 1993) (table). There, a panel of this court held in an unpublished opinion that the state's reliance on plain error does not amount to a procedural default if it involves an inquiry into federal law. *Id*. at *2–3. Even if that were the case here, we have repeatedly rejected that holding. *See, e.g., Lundgren v. Mitchell*, 440 F.3d 754, 765 n.3 (6th Cir. 2006). State courts do not waive procedural default by reviewing a claim for plain error, even when doing so involves an analysis of federal law. *Johnson v. Wolfenbarger*, 391 F. App'x 510, 513 (6th Cir. 2010) (citing *Fleming*, 556 F.3d at 530); *Wogenstahl*, 668 F.3d at 337. So long as the court's decision denying relief rested on the procedural rule, we will enforce the default. And, here, that's precisely what the Michigan court did. It based its decision on Stalling's failure to satisfy the elements of plain error, even if he would have prevailed on the merits of his federal claim. *Stalling*, 2014 WL 2917312, at *1, *12–13.

Stalling also argues that we should excuse his default for good cause. Petitioners can overcome procedural default by showing that an external factor caused the procedural error, which led to actual prejudice. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). It's a high bar, ordinarily requiring something like *Strickland*-level ineffective assistance. But cause might also exist if the petitioner shows that his attorney could not know "the factual or legal basis" for the claim. *Id*. Stalling chooses that path. Rather than arguing that his counsel acted ineffectively by failing to object, he contends that external factors prevented her from doing so. *See* Reply at 16–17, 20–22.

On his Confrontation Clause claim, Stalling argues that the prosecutor and judge interfered with his counsel's ability to object to the error. But it's unclear what he means by this. He makes

only a conclusory allegation that this happened. *See* Reply at 16–17. Yet it does not appear that anyone prevented Stalling's counsel from stating an objection to the court's decision. In fact, the record shows that Stalling's counsel repeatedly raised objections during the trial, often with extended argument. *See, e.g.*, Trial Tr. Vol. I, R. 7-3, PageID 414–15, 427, 450, 453–55, 458–60. So what stopped her from doing so here? Stalling provides no answer to that question.

Similarly, on the public trial claim he argues that his counsel could not object because she "had no means of factually knowing that the doors were being locked or that a constitutional violation needed preserving." Reply at 20–21. Like his first argument, that ignores the record. The judge clearly stated she would be locking the courtroom doors before both arguments. *See* R. 7-3, PageID 398 ("The courtroom is going to be locked because of the configuration of the jury box is such that it looks right directly at the door, and it is very disruptive to the court proceedings when the parties are making their opening statements."); R. 7-4, PageID 607 ("We're going to go ahead and lock the door so that the parties can deliver their closing statements to the jury uninterrupted."). Stalling's counsel had notice that the judge was locking the courtroom and could have complied with Michigan's contemporaneous-objection rule.

Without good cause to excuse his procedural default on either claim, Stalling cannot move forward with his petition. We affirm.