RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0141p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

HOWARD ATKINS,

        *Petitioner-Appellant,*

    *v.*

JAMES M. HOLLOWAY, Warden,

        *Respondent-Appellee.*

No. 12-6498

---

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:09-cv-02297—S. Thomas Anderson, District Judge.

Argued: January 15, 2015

Decided and Filed: July 8, 2015

Before: BOGGS, SILER, and CLAY, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Jeffrey J Lauderdale, CALFEE, HALTER & GRISWOLD, LLP, Cleveland, Ohio, for Appellant. Nicholas W. Spangler, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee. **ON BRIEF:** Jeffrey J Lauderdale, Jason J. Blake, Matthew A. Chiricosta, CALFEE, HALTER & GRISWOLD, LLP, Cleveland, Ohio, for Appellant. Nicholas W. Spangler, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee.

---

**OPINION**

---

SILER, Circuit Judge. Petitioner Howard Atkins appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, we reverse in part and affirm in part.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2000, Atkins, who was sixteen at the time, returned to his mother's and step-father's home after spending a weekend with his father. Atkins's step-father was outside the house and his mother was inside crying. The step-father directed Atkins to "[g]o in there and take care of your mother like you always do." According to Atkins, his step-father regularly abused him and his mother. Inside the home, Atkins's mother told him that she planned to divorce the step-father and wanted to leave the house soon. She then took a pain pill and went to sleep in Atkins's room.

At some point, Atkins went into the step-father's bedroom, where he was sleeping. Atkins carried a baseball bat and intended to ask the step-father if he would leave the house for a few days so that Atkins and his mother could leave peacefully. He pleaded with his step-father to no avail, and the step-father threatened to kill him. The step-father then reached for what Atkins believed to be a gun in the nightstand. Atkins swung the baseball bat several times at his step-father, killing the step-father by smashing his skull. Atkins cleaned up the blood and moved the mattress with the body outside the house so that his mother would not see it. Atkins called 911. He told the police that he had feared for his life. The police never located a gun inside the home.

The Tipton County Juvenile Court conducted a transfer hearing and ultimately transferred Atkins to Tipton County Circuit Court to be tried as an adult on the charge of first-degree murder. The jury found Atkins guilty of premeditated first-degree murder, and the court sentenced him to life imprisonment with the possibility of parole.

Atkins appealed his conviction on a number of grounds but did not raise any claims of ineffective assistance of counsel (IAC) on direct appeal. The Tennessee Court of Criminal Appeals affirmed Atkins's conviction, and the Tennessee Supreme Court denied Atkins's application for discretionary review.

In 2004, Atkins filed a post-conviction petition in the Tipton County Circuit Court for relief from his conviction or sentence. He raised two instances of alleged IAC relevant to the current appeal: (1) juvenile counsel failed to inform Atkins about his right to testify during the

transfer proceedings and that such testimony could not be used against him; and (2) trial counsel failed to object to the prosecutor's extraction of an improper promise from the jury during *voir dire*. The court conducted a hearing and denied Atkins's petition the same day. Atkins also presented evidence and testimony during the hearing that trial counsel was ineffective by failing to call expert witnesses. The post-conviction trial court interpreted this as an additional claim of ineffective assistance, addressed the claim on the merits, and denied relief. Atkins appealed only two issues, arguing that trial counsel failed to properly litigate the issue of suppression of his statement made at the Sheriff's department and that appellate counsel failed to seek direct appellate review of the juvenile transfer hearing. The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief, and the Tennessee Supreme Court denied permission to appeal.

In 2009, Atkins filed an amended *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Western District of Tennessee. He asserted three instances of ineffective assistance of juvenile counsel (IAJC) at his juvenile transfer proceedings and twelve instances of ineffective assistance of trial counsel (IATC). With regard to his juvenile counsel, Atkins asserted that she: (1) failed to inform Atkins of his right to testify and that such testimony would not be used against him; (2) refused the state's motion for a mental evaluation of Atkins, while knowing that Atkins was not mentally competent; and (3) failed to raise an insanity defense per Atkins's request after he informed counsel he was "hearing voices." Atkins asserted that trial counsel failed to: (1) move to suppress Atkins's statement to police based on coercion; (2) object to the prosecutor's extracting an improper promise from the jury during *voir dire*; (3) request a curative instruction after the prosecutor elicited improper testimony from a witness; (4) object to descriptions of graphic photos of the step-father after the photos themselves had already been ruled inadmissible; (5) adequately cross-examine a witness to clarify her testimony concerning how long the step-father may have been alive after the attack; (6) call Atkins's mother as a witness; (7) question the possibility that the step-father's medical problems could have contributed to his death; (8) call any expert witness; (9) rebut the state's evidence concerning the step-father's peaceable character; (10) adequately cross-examine the state's witnesses concerning the step-father's peaceable character; (11) move that the "reckless homicide" and "criminally

negligent homicide" instructions be included in the jury instructions; and (12) raise an insanity defense.

The district court denied Atkins's petition in 2012. It concluded that all but one of Atkins's claims, including all of his claims of IAJC and IATC, were procedurally defaulted because "no further avenue exists for exhausting the . . . claims" in state court. Further, the district court determined that "Atkins cannot excuse his procedural default by arguing that the failure to exhaust these issues in state court is attributable to his post-conviction counsel['s]" ineffectiveness because there is no right to effective assistance of counsel in post-conviction proceedings.

We granted Atkins's request for a certificate of appealability (COA) as to one issue: "whether Atkins can establish cause and prejudice to excuse the procedural default of his claims that his juvenile court counsel and trial counsel were ineffective[?]"

**STANDARD OF REVIEW**

"Whether a petitioner's federal habeas claim is barred by procedural default is a question that we review de novo." *Hodges v. Colson*, 727 F.3d 517, 529 (6th Cir. 2013).

**DISCUSSION**

**I. Ineffective Assistance of Trial Counsel**

Atkins argues that new developments in the law render the district court's holding—that Atkins could not demonstrate cause to excuse the procedural default of his IATC claims by asserting post-conviction counsel's ineffectiveness—erroneous. We agree in part.

Generally, in order to respect state court rulings and preserve federalism principles, *see Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012), before a federal court rules on the merits of a petitioner's § 2254 petition: (1) the petitioner must have exhausted his available state remedies, *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1)(A); and (2) the petitioner's claims must not be procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). As occurred in many of the claims presented in the instant case, when a petitioner fails to present a claim in state court, but that remedy is no longer available to him, the claim is technically

exhausted, yet procedurally defaulted. *See Jones v. Bagley*, 696 F.3d 475, 483–84 (6th Cir. 2012) ("When a petitioner has failed to present a legal issue to the state courts and no state remedy remains available, the issue is procedurally defaulted."). To excuse such a procedural default, a petitioner must show "cause for the default and prejudice from the asserted error." *House v. Bell*, 547 U.S. 518, 536 (2006).

In 2012, the Supreme Court held that "inadequate assistance of counsel at initial-review" state court collateral proceedings *may* establish the *cause* needed to excuse procedural default regarding claims for IATC. *Martinez*, 132 S. Ct. at 1315. As the Court reasoned,

> Where, under state law, claims of ineffective assistance of trial counsel *must* be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320 (emphasis added). Thus, to constitute *cause* to overcome procedural default under *Martinez*, a petitioner must show that: (1) he has a substantial claim of IATC; (2) counsel on initial state collateral review was nonexistent or ineffective; (3) the state collateral review proceeding was the initial review proceeding as to the IATC claim alleged; and (4) the state *requires* that the IATC claim be raised for the first time during the state collateral proceeding. *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (discussing the requirements under *Martinez*). The Court emphasized that it simply created a "narrow exception" to *Coleman*, which held that "an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Martinez*, 132 S. Ct. at 1315.

In *Trevino*, the Supreme Court broadened its holding from *Martinez*. The Court considered whether—under the fourth requirement in *Martinez*—a petitioner could demonstrate cause for procedural default in states which do not technically *require* a defendant to raise IATC claims for the first time in collateral proceedings but in effect require it "as a matter of . . . structure, design, and operation" of the state's procedural system. *Trevino*, 133 S. Ct. at 1921. The Court held that where the

> state procedural framework, by reason of its design and operation, makes it *highly unlikely* in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal . . . [,]

procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* (emphasis added) (internal quotation marks omitted) (original formatting altered for clarity). The Court reasoned that, while Texas law does not explicitly preclude raising IATC claims on direct appeal, it does so "as a matter of course." *Id.* Thus, the Court vacated the Fifth Circuit's judgment and remanded the case. *Id.* Importantly, it did not decide the merits of the petitioner's IATC claim, nor did it decide whether the claim of IATC was "substantial." *Id.* The Court left those matters "to be determined on remand." *Id.* Once remanded to the Fifth Circuit, the court of appeals remanded the case to the district court for consideration consistent with *Trevino* and *Martinez. Trevino v. Stephens*, 740 F.3d 378, 378 (5th Cir. 2014).

Applying the Court's rationale in *Trevino* to the circumstances in Tennessee, we recently held that "ineffective assistance of post-conviction counsel can establish cause to excuse a Tennessee defendant's procedural default of a substantial claim of ineffective assistance at trial." *Sutton v. Carpenter*, 745 F.3d 787, 795–96 (6th Cir. 2014). In *Sutton*, the petitioner was convicted in Tennessee state court of first-degree murder. *Id.* at 789. The petitioner appealed his conviction and collaterally attacked his conviction in state court, but his efforts were unsuccessful. *Id.* He then filed a petition under 28 U.S.C. § 2254 in federal court, raising claims of IATC for the first time. *Id.* The district court found that the petitioner's IATC claims were procedurally defaulted because he did not exhaust his remedies in state court and the remedies were then time-barred. *Id.* The petitioner appealed, and in the interim between the appeal and our decision, the Supreme Court issued its opinion in *Trevino. Id.* at 790.

In light of those opinions, we concluded that: (1) Tennessee procedural rules made it "almost impossible" to adequately present IATC claims on direct appeal; and (2) "Tennessee courts, like Texas courts, in effect have directed defendants to raise claims of ineffective assistance of trial counsel on collateral, rather than on direct review." *Id.* at 792–93. Thus, we remanded the case to the district court, holding "that ineffective assistance of post-conviction counsel can establish cause to excuse" procedural default in claims of IAC at trial. *Id.* at 795–96.

In the present case, the district court held that all but one of Atkins's habeas claims were procedurally defaulted because they were not presented to the Tennessee Court of Criminal Appeals. Prior to seeking a writ of habeas corpus, "a state prisoner must exhaust available state remedies . . . thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin*, 541 U.S. at 29 (internal quotation marks and citation omitted); 28 U.S.C. § 2254(b)(1)(A). Here, the district court held that because Atkins's habeas claims could have been asserted in state court and because "[n]o further avenue exists for exhausting the . . . claims [in state court,] they are barred by procedural default" from being asserted on federal habeas review.

Since Atkins's claims were procedurally defaulted, he needed to show "cause for the default and prejudice from the asserted error." *House*, 547 U.S. at 536. The district court held that "Atkins cannot excuse his procedural default by arguing that the failure to exhaust these issues in state court is attributable to his post-conviction counsel." This is so, the district court reasoned, because there is no constitutional right to effective assistance of counsel in state post-conviction proceedings.

In ascertaining whether cause exists to excuse procedural default, the issue is not whether there is a constitutional right to effective assistance of counsel in state post-conviction proceedings. Rather, in reviewing habeas petitions, federal courts are concerned with whether a petitioner's "*conviction* rests upon a violation of the Federal Constitution," and therefore, whether there is cause for a federal court to address such a claim after procedural default occurs. *Trevino*, 133 S. Ct. at 1917 (emphasis added). The issue before the district court was whether Atkins had presented cause to excuse procedural default, and "'[c]ause,' . . . is not synonymous with 'a ground for relief.'" *Martinez*, 132 S. Ct. at 1320. In *Trevino* and *Martinez*, the Court carved out a "narrow exception" to "modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Trevino*, 133 S. Ct. at 1917 (quoting *Martinez*, 132 S. Ct. at 1315). After *Martinez* and *Trevino*, in considering whether there is cause to excuse procedural default, federal courts are concerned with post-conviction counsel's alleged ineffectiveness, but not because of a general right to effective counsel in state post-conviction proceedings. Instead, such

ineffectiveness could allow a substantial claim of IAC at trial to go forever unchecked in states that require, or effectively require, that IATC claims be raised for the first time during a state collateral proceeding, rather than on direct appellate review.

Because *Sutton* held that ineffective assistance of post-conviction counsel can excuse a Tennessee defendant's procedural default of a substantial IATC claim, the district court in this case erred by using an improper standard to determine whether Atkins has shown "cause" to excuse the procedural default of his claims for IATC. This is true for Atkins's claims of IATC numbered (1), (3)–(7), and (9)–(12) above.

As to these claims, the district court should determine on remand: (1) whether state post-conviction counsel was ineffective, *see id.* at 1921 (noting the Court was not determining whether "Trevino's initial state habeas attorney was ineffective"); *Newbury v. Stephens*, 756 F.3d 850, 871 (5th Cir. 2014); and (2) whether Atkins's claims of ineffective assistance of counsel were "substantial" within the meaning of *Martinez, Sutton*, and *Trevino*. *See Newbury*, 756 F.3d at 871. Questions (1) and (2) determine whether there is cause. The next question is (3) whether Atkins can demonstrate prejudice. Finally, the last step is: (4) if the district court concludes that Atkins establishes cause and prejudice as to any of his claims, the district court should evaluate such claims on the merits. *Martinez*, 132 S. Ct. at 1321; *see Martinez v. Schriro*, No. CV 08-785-PHX-JAT, 2012 WL 5936566, at *1 (D. Ariz. Nov. 27, 2012) (discussing what the district court should do after the Supreme Court remanded *Martinez*). Under this framework, which is consistent with Supreme Court precedent and our holding in *Sutton*, Atkins has a long way to go before the district court could even evaluate the merits of his claims. Moreover, even "[a] finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted." *Martinez*, 132 S. Ct. at 1320.

Atkins maintains that, by granting a COA, we have already determined that Atkins's IATC claims are "substantial," and therefore, we should remand with direction for the district court to determine solely whether prejudice exists so as to excuse his procedural default. Under *Martinez*, the Supreme Court indicated that a "substantial" claim of IATC means "that the claim has some merit." *Id.* at 1318. The Court in *Martinez* cited *Miller-El v. Cockrell*, 537 U.S. 322,

336 (2003), for purposes of defining a "substantial claim," and Cockrell describes the standard for issuing a COA. *Martinez*, 132 S. Ct. at 1318–19. Therefore, Atkins points to our order granting a COA in this case, which states:

> When the district court denies a habeas petition on a procedural ground without reaching the underlying constitutional claims, a certificate of appealability will issue when the petitioner demonstrates that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

We disagree. First, *Sutton* held that: "ineffective assistance of post-conviction counsel *can*"—but does not by the mere fact of being raised—"establish cause to excuse a Tennessee defendant's procedural default of a substantial claim of ineffective assistance at trial." 745 F.3d at 795–96 (emphasis added). Moreover, in *Martinez*, the Supreme Court remanded the case, directing the lower court to determine: (1) "whether [the petitioner's] attorney in his first collateral proceeding was ineffective"; (2) whether his claim of IATC was "substantial"; and (3) whether the petitioner was prejudiced. 132 S. Ct. at 1321; *Schriro*, 2012 WL 5936566, at *1–2 (noting the requirements on remand). The Court in *Trevino* provided similar guidance, indicating: "we do not decide here whether Trevino's claim of ineffective assistance of trial counsel is substantial or whether Trevino's initial state habeas attorney was ineffective." 133 S. Ct. at 1921. The Court left those issues and merit issues "to be determined on remand." *Id.* We follow suit.

Finally, the warden maintains that Atkins's IATC claims numbered (2) and (8) above do not fall under the *Trevino-Sutton* framework because Atkins raised them on initial state collateral review. We recently reaffirmed that "the *Martinez-Trevino* exception does not extend to attorney error at post-conviction *appellate* proceedings because those proceedings are not the 'first occasion' at which an inmate could meaningfully raise an ineffective-assistance-of-trial-counsel claim." *West v. Carpenter*, No. 13-6358, 2015 WL 3889437, at *5 (6th Cir. June 25, 2015) (citing *Wallace v. Sexton*, 570 F. App'x 443, 453 (6th Cir. 2014)); *see Martinez*, 132 S. Ct. at 1320 (holding that the exception to *Coleman* "does not extend to attorney errors in any proceeding beyond the *first occasion* the State allows a prisoner to raise a claim of ineffective assistance at trial." (emphasis added)).

Atkins's state post-conviction petition expressly raised as a ground for relief trial counsel's failure to object to the prosecutor's improper promise from the jury during *voir dire* (IATC claim number 2). The post-conviction trial court denied relief. While Atkins's petition did not expressly identify the failure-to-call-expert-witnesses claim (IATC claim number 8), he raised this claim during the post-conviction hearing. The Tipton County Circuit Court addressed the claim on the merits and denied relief. Atkins could have preserved both claims by appealing, but he did not do so. Therefore, "default occurred only after [Atkins] failed to appeal [these] denial[s] before the Tennessee Court of Criminal Appeals. Although this failure may have been the product of attorney error, attorney error at state post-conviction appellate proceedings cannot excuse procedural default under the *Martinez-Trevino* framework." *West*, 2015 WL 3889437, at *5.

Accordingly, a claim of ineffective assistance of state *appellate* collateral counsel does not provide cause to excuse the procedural default of the claims Atkins raised below during initial collateral proceeding, including: (1) trial counsel failed to object to the prosecutor's extracting an improper promise from the jury during *voir dire*; and (2) trial counsel was deficient by failing to call any expert witness.

In sum, we reverse and remand with regard to all of the alleged IATC claims, except for Atkins's claims that were raised on initial collateral review, which we affirm as procedurally defaulted.

## II. Ineffective Assistance of Juvenile Counsel

Atkins's first claim of IAJC—that juvenile counsel failed to inform Atkins of his right to testify and that such testimony would not be used against him—was raised in his petition for state collateral relief. This also amounts to a claim of ineffective assistance of state collateral *appellate* counsel. Again, "attorney error at state post-conviction *appellate* proceedings cannot excuse procedural default under the *Martinez-Trevino* framework." *Id.*

As to Atkins's remaining two IAJC claims, the question is whether to extend our holding in *Sutton* to claims in which a Tennessee petitioner seeks to demonstrate cause for the procedural

default of his IAJC claims on the basis of ineffective assistance of state collateral counsel. We decline to make such an extension.

Atkins claims that "[t]here is no logical basis to distinguish Mr. Atkins's trial and juvenile transfer hearing IAC claims . . . ." Atkins argues that a juvenile transfer proceeding is a "critical stage" of the proceedings, and therefore, Atkins was entitled to effective assistance of counsel. Here, however, the question is not whether Atkins had a right to effective assistance of counsel during his juvenile transfer proceeding, but whether he has established *cause*, as explained in *Martinez*, *Trevino*, and *Sutton*, to excuse his procedural default of that claim. *Martinez*, 132 S. Ct. at 1320 ("Cause, however, is not synonymous with a ground for relief." (internal quotation marks omitted)).

"We will assume that the Supreme Court [in *Martinez*] meant exactly what it wrote: '*Coleman* held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true *except* as to initial-review collateral proceedings for claims of ineffective assistance of counsel *at trial*.'" *Hodges*, 727 F.3d at 531 (emphasis in original) (quoting *Martinez*, 132 S. Ct. at 1316); *but see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1293–94 (9th Cir. 2013) (holding that cause for a procedurally defaulted claim for ineffective assistance of initial appellate counsel can be established under the *Martinez* principles because *Martinez* was primarily concerned with ensuring that a substantial IAC claim be heard by at least one court). Recall that *Trevino* merely broadened the holding from *Martinez* and permitted a petitioner to demonstrate cause in states that do not technically *require* a defendant to raise IATC claims for the first time in collateral proceedings but do so as a matter of course. *Trevino*, 133 S. Ct. at 1921. In *Sutton*, we held that Tennessee courts and Tennessee procedural rules, in practice, require ineffective assistance of trial counsel claims to be presented at post-conviction proceedings, and therefore, *Trevino* applies to petitioners in Tennessee. *Sutton*, 745 F.3d at 795–96 ("[I]neffective assistance of post-conviction counsel can establish cause to excuse a Tennessee defendant's procedural default of a substantial claim of ineffective assistance *at trial*." (emphasis added)). But nothing in *Trevino* or *Sutton* would alter the caveat that the Supreme Court thought important enough to repeatedly emphasize in *Martinez*: the exception is limited to instances of ineffective assistance of counsel in initial-review proceedings that fail to raise

claims of ineffective assistance of counsel *at trial*. *Martinez*, 132 S. Ct. at 1315, 1319, 1320 ("[T]his remains true except as to initial-review collateral proceedings for claims of ineffective assistance of counsel *at trial*." (emphasis added)).

The Court in *Trevino* also emphasized that it created a "narrow exception" in *Martinez* to *Coleman* on the basis of equity for three reasons: (1) "the right to the effective assistance of counsel at trial is a bedrock principle in our justice system"; (2) the Court had already recognized that ineffective assistance of appellate counsel could constitute "cause" to excuse a procedural default; and (3) the state law at issue in *Martinez* and *Trevino* effectively channeled initial review of IATC claims to state collateral proceedings rather than direct appellate review. 133 S. Ct. at 1917–18 (internal quotation marks omitted).

Here, Atkins has failed to cite any law to indicate that the right to effective assistance of juvenile counsel during juvenile transfer proceedings would, like a claim of IATC, rise to the level of being "a bedrock principle in our justice system," "the foundation for our adversary system," and an "obvious truth." *See Martinez*, 132 S. Ct. at 1317 (internal quotation marks omitted). The Supreme Court has dubbed juvenile transfer proceedings "critically important proceeding[s.]" *Kent v. United States*, 383 U.S. 541, 560 (1966)[1] (internal quotation marks omitted). This means that juveniles must receive the essentials of due process and fair treatment, including legal representation and a developed record, but the Supreme Court has not specified "the exact nature of the constitutional requirements of due process at a juvenile transfer hearing." *Spytma v. Howes*, 313 F.3d 363, 367–68 (6th Cir. 2002). Moreover, obvious distinctions exist between juvenile transfer proceedings and trial. As the Court noted in *Martinez*, for example, defense counsel at trial "tests the prosecution's case to ensure that the proceedings serve the function of adjudicating guilt or innocence." 132 S. Ct. at 1317. This is not so in juvenile transfer proceedings.

We conclude that *Martinez* does not extend to cases in which the underlying habeas claim is ineffective assistance of counsel during juvenile transfer proceedings. This is consistent with our holding in *Hodges*, in which we declined to extend the *Martinez* exception to excuse the

---

[1]Notably, the Court in *Kent* did not specifically hold that juveniles have a Sixth Amendment right to counsel at juvenile transfer proceedings. 383 U.S. at 560–62.

procedural default of ineffective assistance of initial appellate counsel claims. *See Hodges*, 727 F.3d at 531.

## CONCLUSION

The judgment of the district court is **AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for further proceedings consistent with this opinion.