**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 12-3595

———————

WILLIE SMITH,
                                    Appellant

v.

JOHN KERESTES, Superintendent; THE ATTORNEY GENERAL OF THE
COMMONWEALTH OF PENNSYLVANIA; THE DISTRICT ATTORNEY OF THE
COUNTY OF LAWRENCE

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Civil Action No. 2-10-cv-00048)
District Judge:  Honorable Robert C. Mitchell

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 27, 2016

Before:  CHAGARES, KRAUSE and VAN ANTWERPEN, Circuit Judges.

(Opinion Filed:  January 29, 2016)

———————

OPINION*

———————

CHAGARES, Circuit Judge.

———————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Willie Smith appeals the order of the District Court[1] dismissing his petition for habeas corpus pursuant to 21 U.S.C. § 2254. He contends that his trial counsel was ineffective for failing to communicate a plea offer that would have resulted in a shorter sentence than he received after a trial and that his post-conviction review counsel was deficient for failing to raise such a claim in collateral proceedings. For the following reasons, we will vacate the District Court's judgment and remand for further proceedings.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. Smith was charged in Pennsylvania state court with fatally shooting Torrance Respress. Smith admitted that he shot Respress; however, he contended that he did not intend to do so and that the gun accidentally went off when Smith attempted to strike Respress with it. Evidence was also presented at trial that Smith was intoxicated at the time of the killing. Smith's counsel did not seek a jury instruction on voluntary intoxication because it would have conflicted with Smith's position that he lacked the requisite intent for a murder conviction.

Smith was convicted of first-degree murder and sentenced to imprisonment for life on September 3, 2004. On direct appeal, his conviction and sentence were affirmed. Commonwealth v. Smith, 890 A.2d 1106 (Pa. Super. 2005) (unpublished memorandum). He did not petition for the allowance of an appeal to the Pennsylvania Supreme Court.

---

[1] The parties consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c). For ease of reference, we refer to the trial court as the District Court throughout this opinion.

2

On May 24, 2006, Smith filed a petition for post-conviction relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541, et seq. His petition was denied on December 20, 2006. On appeal, Smith's attorney stated that there were no arguably meritorious claims on which to base an appeal and Smith, pro se, argued that his PCRA counsel had been ineffective for failing to raise claims based on voluntary intoxication and issues with the jury pool. The Superior Court of Pennsylvania vacated the order denying relief and remanded. It found that two of Smith's potential claims had arguable merit. The remand order instructed the PCRA court to appoint new counsel to represent Smith in amending his PCRA petition to add ineffectiveness claims based on trial counsel's failure to request a voluntary intoxication instruction and failure to object to an allegedly non-representative jury pool.

An amended PCRA petition was filed on June 19, 2008. At a hearing on the amended petition, the Assistant District Attorney asked Smith: "Do you remember [trial counsel] asking you about a guilty plea offer we had offered you a plea of guilty to third degree murder?" Appendix ("App.") 131–32. Smith responded that "[h]e never brought that to my attention. He never said anything to me about a plea, any kind of plea." Id. at 132. Later in the examination, the Assistant District Attorney asked whether Smith recalled telling his trial counsel that he could not take any plea because "that's a life sentence for me."[2] Id. at 133. Smith responded: "No, I never told him that. If I told him that . . . it was supposed to be between him and me. How did you find out about it?" Id. Smith's trial attorney, in direct examination, confirmed that the Commonwealth had

_____

[2] Smith was sixty-three at the time of his trial.

"offered a plea to third degree murder." Id. at 144. He also testified that he informed Smith about the plea and recommended that he take it. As the examination of Smith's trial counsel continued, Smith interjected that he "never heard the offer before for a plea" and that trial counsel "never said anything about an offer for a plea." Id. at 151. The PCRA court denied Smith's amended petition on all counts. Though failure to communicate the plea offer was not directly at issue in the proceeding, the PCRA court did note that "[t]he Commonwealth offered the Defendant a plea . . . and trial counsel presented the offer to the Defendant and explained . . . that this was a reasonable plea under the circumstances." Id. at 188.

The Superior Court of Pennsylvania affirmed. It held that trial counsel was not ineffective for failing to pursue a challenge to the jury process, failing to request a voluntary intoxication charge, or for failing to cross-examine a ballistics expert effectively. The Superior Court did not directly rule on the issue of whether trial counsel had communicated the plea offer to Smith, but it did hold that it could not "disturb the PCRA court's credibility determinations" on issues where "[Smith] and trial counsel['s] . . . testimony differed." Id. at 198. Leave to appeal to the Pennsylvania Supreme Court was denied on November 13, 2009.

Smith then filed a further PCRA petition pro se on December 10, 2009, alleging trial counsel's failure to communicate the plea offer to him. He filed this habeas petition shortly thereafter, on January 13, 2010, but requested a stay pending the resolution of his PCRA petition. On April 23, 2012, the PCRA court found that the petition was untimely. Under the statute, to meet a timeliness exception for newly discovered information, a

4

claim must be filed within sixty days of discovering the new information. Smith alleged that he discovered the plea offer at the hearing on July 21, 2008, but did not make that allegation until he filed his PCRA petition on December 10, 2009. The PCRA court also found that he had waived his claim by failing to amend his PCRA petition when he discovered the new information. As a further basis, the court found that the issue was previously litigated, reasoning that in denying the prior PCRA petition that court implicitly "accept[ed] the testimony of trial counsel and reject[ed] that of the defendant where their testimony conflicted." Id. at 244. Finally, the PCRA court held that the claim must be denied "because there is no merit to the underlying claim." Id. at 246. Specifically, it found that the "instant claim that trial counsel failed to communicate a plea bargain . . . lacks credibility" and therefore that Smith's "claim that he was never informed of a plea offer lacks merit." Id. at 247. Smith appealed the PCRA court's decision.

After his PCRA petition was dismissed, but while the appeal was pending, Smith filed a motion to reopen his federal habeas proceeding, which was granted. The District Court dismissed Smith's petition and denied a certificate of appealability. As relevant here, the District Court found that Smith's claim based on the failure to communicate the plea offer was untimely and therefore barred by an adequate and independent state procedural rule, and did not consider it on the merits. The District Court did not consider the applicability of the Supreme Court's then-recent decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012). Smith timely appealed the District Court's dismissal of his habeas petition. On March 7, 2013, we granted a certificate of appealability limited to the claim

that "trial counsel was ineffective for failing to communicate an alleged plea offer." App. 16. We noted that "[w]hile the District Court held this claim to be procedurally defaulted, the issue is still being litigated in state court." Id. The Pennsylvania Superior Court affirmed the PCRA court's denial of Smith's pro se petition on July 9, 2013. It ruled on the timeliness issue only and did not address any of the PCRA court's alternative holdings. The Pennsylvania Supreme Court denied Smith's petition for allowance of appeal on February 19, 2014.

## II.[3]

Smith argues that his trial counsel was constitutionally ineffective for failing to communicate the Commonwealth's offer for him to plead guilty to third-degree murder. He admits that this claim is procedurally defaulted, Smith Br. 27, which ordinarily would preclude us from reviewing the claim, see Coleman v. Thompson, 501 U.S. 722, 731 (1991). However, a habeas petitioner may be excused from a procedural default if he can show cause for the default and prejudice arising from failure to consider the claim. See id. at 746–47. The Supreme Court recently created a "narrow exception" to the procedural default rule in cases alleging ineffectiveness of collateral-review counsel. Martinez, 132 S. Ct. at 1315. The Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez, 132 S. Ct. at

---

[3] The District Court had jurisdiction under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 636(c)(3) and 2253. Because the District Court held no evidentiary hearing, our review is plenary. See Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009).

6

1315.[4]  The failure of counsel at an initial-review collateral proceeding to raise a claim of ineffectiveness of trial counsel may constitute cause if "(1) collateral attack counsel's failure itself constituted ineffective assistance of counsel under Strickland and (2) the underlying ineffective assistance of trial counsel claim is a substantial one, which is to say the claim has some merit."  Glenn v. Wynder, 743 F.3d 402, 410 (3d Cir. 2014) (quotation marks omitted).

The District Court relied on Coleman and did not consider the impact of Martinez on Smith's claim that his trial counsel was ineffective for failing to communicate the plea offer to him.  We will remand for the District Court to determine in the first instance whether Martinez excuses Smith's procedural default and, if so, to rule on the merits of his underlying ineffectiveness claim.  See Atkins v. Holloway, 792 F.3d 654, 660 (6th Cir. 2015) (explaining this procedure).

## III.

For the foregoing reasons, we will vacate the District Court's judgment and remand for further proceedings.

---

[4] The exception applies only to "initial-review collateral proceedings," defined as those where the "collateral proceeding[] . . . provide[s] the first occasion to raise a claim of ineffective assistance at trial."  Martinez, 132 S. Ct. at 1315.  That requirement is satisfied here because of Pennsylvania's general rule that "a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review."  Commonwealth v. Grant, 813 A.2d 726, 738 (Pa. 2002).

7