NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0281n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 18, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| WILLIAM GLENN ROGERS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TONY MAYS, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before: MOORE, WHITE, and STRANCH, Circuit Judges.

William Glenn Rogers is a Tennessee death-row inmate represented by counsel. In 2000, a jury convicted Rogers of one count of first-degree premediated murder, two counts of first-degree felony murder, one count of especially aggravated kidnapping, one count of rape of a child, and two counts of criminal impersonation. And following a mitigation hearing, the jury sentenced Rogers to death. The Tennessee Court of Appeals and the Tennessee Supreme Court affirmed Rogers's convictions and sentence on appeal.

In 2006, Rogers filed a petition for post-conviction relief, in which he asserted, among other claims, that his trial counsel had been constitutionally ineffective for failing to either "adequately investigate defense expert mitigation evidence" or "present available mitigation testimony and evidence during the sentencing phase of the trial." R.26-7, Page ID #7690–91, 7696. Rogers's post-conviction counsel did not, however, appear to do much with these claims besides list them in Rogers's petition. As a result, although Rogers's post-conviction counsel gathered and presented evidence at Rogers's post-conviction evidentiary hearing with respect to *other* of Rogers's claims (including other ineffective-assistance-of-trial-counsel ("IATC") claims),

that counsel did not present evidence with respect to the two "mitigation" IATC claims noted above.  The state trial court accordingly dismissed the claims with the following discussion:

> The record reflects that trial counsel presented the testimony of several mitigation witnesses. These included the petitioner's family members, family friends, and school principal, who detailed his difficult upbringing; Dr. Guin, a social worker who detailed the abusive environment present in Louisiana youth correctional facilities during the period in which the petitioner was held at such a facility; Dr. Cunningham, who testified regarding the petitioner's potential for violence in prison; and Dr. Caruso and Dr. Neilson, who testified regarding their psychological testing of the petitioner. The petitioner has raised specific issues regarding the testimony of both Dr. Caruso and Dr. Guin; as stated earlier in this order, these issues are without merit. Furthermore, *no proposed mitigation evidence was presented during the evidentiary hearing*, as the only mental health expert who testified, Dr. Auble, focused her testimony on the petitioner's contention that his initial statements to police were coerced. *Thus, the Court can only speculate as to the nature of any proposed mitigation evidence or the manner in which it would have aided the petitioner*. Thus, the Court finds that the petitioner has not established that counsel rendered ineffective assistance as to this issue.

R.26-8, Page ID #8022–23 (emphasis added).

The trial court then proceeded to reject all of Rogers's other post-conviction claims.  And although Rogers appealed several of those adverse conclusions to the Tennessee Court of Criminal Appeals, to no avail, he did not appeal the trial court's ruling as to his "mitigation" IATC claims.

Rogers then filed a lengthy habeas petition in federal district court, in which he asserted, among other claims, that his trial counsel had been constitutionally ineffective for failing to do the following (much more specific) things prior to, and during, Rogers's mitigation hearing: (1) "counsel failed to investigate and present evidence that [Rogers] had suffered permanent and significant brain damage in connection with his stepfather's torture of him"; (2) "counsel 'failed to investigate that [Rogers] experienced Complex Trauma throughout his developmental years'"; and (3) "counsel failed to investigate and present evidence that Johnny Michelli is [Rogers's] biological father and that the Michelli family history contains mitigating evidence."  R.153, Page ID #27282 (quoting Rogers's petition).  The driving point of all of this was, of course, that had the jury heard this additional mitigation evidence, it might not have sentenced Rogers to death.

There was, however, a problem. The state post-conviction court had arguably rejected Rogers's mitigation IATC claim on the merits, per the above-quoted discussion.  And this mattered because, if the state court had in fact adjudicated Rogers's claim on the merits, it would preclude Rogers from raising any of the "new" mitigation evidence noted above.  *See Cullen v. Pinholster*, 563 U.S. 170 (2011).  So Rogers pivoted by arguing to the district court that he had *procedurally defaulted* his mitigation IATC claim in state post-conviction court, and that that procedural default should be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012), which essentially holds that, if a habeas petitioner's *post-conviction* counsel was constitutionally ineffective in procedurally defaulting the petitioner's ineffective-assistance-of-*trial*-counsel claim during post-conviction proceedings, on habeas review a federal court can forgive that procedural default and consider the petitioner's IATC claim anew.  *See Atkins v. Holloway*, 792 F.3d 654, 657–60 (6th Cir. 2015).

The district court, however, rejected this claim (along with Rogers's numerous other claims) in a thorough and thoughtful 206-page order.  More specifically, with respect to the issue at hand, the district court found that the state trial court *had* rejected Rogers's mitigation IATC claim on the merits and that, to the extent a procedural default occurred, it was solely when Rogers's post-conviction counsel failed to *appeal* that adverse merits determination (which is an irrelevant event for *Martinez* purposes).  *See* R.153, Page ID #27283 ("*Martinez* does not . . . apply to claims that were defaulted on post-conviction appeal." (citing *West v. Carpenter*, 790 F.3d 693 (6th Cir. 2015))).  And, in a subsequent order, the district court re-iterated this conclusion, and further concluded that the issue was straightforward enough that a certificate of appealability ("COA") was not warranted.  *See Rogers v. Mays*, No. 3:13-cv-00141, 2019 WL 2327520, at *5 (M.D. Tenn. May 31, 2019); *see also* 28 U.S.C. § 2253(c)(2) (requiring habeas petitioners to obtain a COA from either the district court or the circuit court before being allowed to appeal a denied claim).[1]

---

[1] The district court did, however, provide Rogers with a COA as to other issues raised in Rogers's habeas petition.  *See* R.154, Page ID #27304 (listing five categories of issues).  But because the parties have not yet briefed these issues we do not consider them here.

Rogers now requests that we provide him that COA, and thereby consider his mitigation IATC claim, and related issues, alongside his other claims certified for appeal. *See supra* n.1. To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on a procedural ground without reaching the underlying constitutional claim, as is the case here, a COA should issue when the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard "does not require a showing that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). Rather, the question is whether the issues presented in the petition are "debatable among jurists of reason" and "deserve encouragement to proceed further." *Id*. at 336 (quotation omitted).

After careful review of the district court's rulings, the parties' briefing, and the relevant case law cited therein, we think reasonable jurists could debate whether Rogers's post-conviction counsel procedurally defaulted Rogers's mitigation IATC claims in post-conviction court by failing to submit any evidence in support of the claims, and whether counsel was constitutionally ineffective in so doing. *Compare, e.g.*, *Dickens v. Ryan*, 740 F.3d 1302, 1316–22 (9th Cir. 2014) (en banc) (majority opinion) *with id*. at 1324–38 (Callahan, J., dissenting); *see also Williams v. Filson*, 908 F.3d 546, 572–74 (9th Cir. 2018); *Escamilla v. Stephens*, 749 F.3d 380, 394–95 (5th Cir. 2014); *Gallow v. Cooper*, 570 U.S. 933 (2013) (statement of Breyer and Sotomayor, JJ., respecting the denial of the petition for certiorari).[2] And were Rogers to succeed in that showing, and thereby open up his underlying IATC claim to further review, reasonable jurists could also debate the merits of Rogers's constitutional showing.

---

[2] We acknowledge the Sixth Circuit precedent cited by the Warden and the district court, some of which is arguably helpful to the Warden's position on this question. *See, e.g.*, *West v. Carpenter*, 790 F.3d 693, 698–99 (6th Cir. 2015); *Moore v. Mitchell*, 708 F.3d 760, 784–85 (6th Cir. 2013). However, because neither of those decisions addressed *directly* the distinction between a "procedurally defaulted" claim and a claim "rejected on the merits"—and certainly not to the extent the Ninth Circuit did in *Dickens*—that case law does not invariably require us to rule in the Warden's favor.

Of course, given the labyrinthine nature of habeas law in general, and *Martinez v. Ryan* in particular, Rogers "has a long way to go" before we could rule in his favor. *Atkins*, 792 F.3d at 660. But those realities alone are no reason to refrain from issuing a COA and at least giving the issue our full consideration, with the benefit of briefing and argument. This is especially so because a man's life is at stake.

For these reasons, we **GRANT** Rogers's request for an expanded COA, with respect to the nine mitigation-based IATC claims identified in Rogers's COA petition at pages four to five. *See* App. R. 16 (citing claims C.20–24 and E.2–5).

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk