IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2026

## STATE OF TENNESSEE v. HOWARD JEFFERSON ATKINS

**Appeal from the Circuit Court for Tipton County**
**No. 3956      A. Blake Neill, Judge**

_____

### No. W2025-01501-CCA-R3-CD
_____

The Appellant, Howard Jefferson Atkins, acting pro se, appeals from the Tipton County Circuit Court's summary denial of his Rule 36 motion to correct an alleged clerical error in a juvenile transfer order entered in 2000. Having thoroughly reviewed the record, the briefs of the parties, and applicable law, we affirm the judgment of the trial court.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JILL BARTEE AYERS and JOHN W. CAMPBELL, SR., JJ., joined.

Howard Jefferson Atkins, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Joshua R. Gilbert, Assistant Attorney General (*pro hac vice*); and Mark Edward Davidson, District Attorney General.

## OPINION

In 2000, at age sixteen, the Appellant was charged with the murder of his step-father. The Appellant had returned to his mother's and step-father's home after spending a weekend with his father. Atkins v. Holloway, 792 F.3d 654, 655 (6th Cir. 2015) (reversing and remanding in part the Appellant's federal habeas corpus claim). The Appellant's step-father was outside the house and his mother was inside crying. The step-father directed the Appellant to "[g]o in there and take care of your mother like you always do." Id. According to the Appellant, his step-father regularly abused him and his mother. Inside the home, the Appellant's mother told him that she planned to divorce the step-father and wanted to leave the house soon. She then took a pain pill and went to sleep in the Appellant's room.

At some point, the Appellant went into the step-father's bedroom, where he was sleeping. Atkins, 792 F.3d at 655. The Appellant carried a baseball bat and intended to ask the step-father if he would leave the house for a few days so that the Appellant and his mother could leave peacefully. He pleaded with his step-father to no avail, and the step-father threatened to kill him. The step-father then reached for what the Appellant believed to be a gun in the nightstand. Id. at 656. The Appellant swung the baseball bat several times at his step-father, killing the step-father by smashing his skull. The Appellant later called 911 and told the police that he had feared for his life. However, the police never located a gun inside the home. Id.

After a transfer hearing, the juvenile court issued a written order, signed by the juvenile court judge, finding each of the statutory criteria required for transfer under Tennessee Code Annotated section 37-1-134(a)(4) and transferring the Appellant to circuit court for prosecution as an adult. A Tipton County jury later convicted him of first-degree premeditated murder, and he received a life sentence. This Court affirmed the conviction on direct appeal. See State v. Atkins, No. W2001-02427-CCA-R3-CD, 2003 WL 21339263, at *1 (Tenn. Crim. App. May 16, 2003) perm. app. denied (Tenn. Oct. 6, 2003). The Appellant then filed several unsuccessful challenges to his conviction and sentence. See Atkins v. State, No. W2006-02221-CCA-R3-PC, 2008 WL 4071833, at *1 (Tenn. Crim. App. Aug. 29, 2008) (rejecting inter alia Appellant's ineffective assistance of counsel claim alleging appellate counsel failed to challenge the Appellant's transfer from juvenile court on appeal); Atkins v. State, No. W2010-00092-CCA-R3-CO, 2010 WL 4274737 (Tenn. Crim. App. Oct. 26, 2010), perm. app. denied (Tenn. Feb. 16, 2011), cert. denied, 563 U.S. 1026 (2011) (denial of error coram nobis petition); Atkins v. State, No. W2013-01502-CCA-R28-PC (Tenn. Crim. App. Aug. 29, 2013), perm. app. denied (Tenn. Jan. 6, 2014), cert. denied, 572 U.S. 1023 (2014) (denial of motion to reopen post-conviction proceeding); Atkins v. State, No. W2021-00359-CCA-R28-PC (Tenn. Crim. App. Jul. 1, 2021), perm. app. voluntarily dismissed (Tenn. Jan. 18, 2023) (same); Atkins v. Eller, No. E2024-00665-CCA-R3-HC, 2024 WL 4556308 (Tenn. Crim. App. Oct. 23, 2024), perm. app. filed (Tenn. Dec. 9, 2024) (denial of state habeas corpus petition); Atkins v. Crowell, 945 F.3d 476 (6th Cir. 2019), cert. denied, 140 S. Ct. 2786 (2020) (affirming denial of federal habeas corpus petition).

On February 15, 2024, the Petitioner filed an application for a writ of habeas corpus. In this filing, the Petitioner alleged that the juvenile court failed to make required statutory findings before transferring his case to the circuit court. As such, the Petitioner alleged that the trial court lacked jurisdiction over his case and, therefore, his conviction was void. The habeas corpus court summarily dismissed the application by written order, and this court affirmed. Atkins v. Eller, No. E2024-00665-CCA-R3-HC, 2024 WL 4556308, at *1 (Tenn. Crim. App. Oct. 23, 2024), appeal denied (Mar. 12, 2025), cert. denied sub nom.

<u>Atkins v. Bousch</u>, 145 S. Ct. 2859, 222 L. Ed. 2d 1136 (2025).  In denying relief, this court reasoned "that a trial court's subject matter jurisdiction is not affected by the absence of, or deficiencies in, a juvenile court's transfer order."  <u>Id.</u> at 2; <u>see also</u> <u>Lee v. State</u>, No. M2004-02809-CCA-R3-HC, 2005 WL 1692952, at *2 (Tenn. Crim. App. July 20, 2005) (rejecting the argument that "because the juvenile court failed to consider all of the factors for transfer to criminal court, the transfer order is void, and hence, the criminal court lacked jurisdiction to adjudicate the case"), <u>no perm. app. filed</u>.

On September 9, 2025, the Appellant filed the present Rule 36 motion, requesting the court "to correct a clerical error on the 'Order of Transfer from Juvenile Court to Adult Circuit Court[.]'"  In this motion, the Appellant asserted that the juvenile judge's oral statements from the transcript of the 2000 transfer hearing conflicted with the written transfer order.  He argued that the juvenile court "enunciated findings directly contra to two of the three statutory elements necessary for transfer under T.C.A. §37-1-134(a)(4), yet transferred anyway."[1]  The Appellant insisted that the juvenile court never determined probable cause for premeditation or first-degree murder and incorrectly construed the "interests of the community" factor.  Nevertheless, the written transfer order—prepared by the clerk—erroneously stated that all statutory criteria had been found.  The Appellant contended that this inconsistency constituted a "clerical error" subject to correction under Rule 36.  The Appellant additionally claimed that the juvenile court's "misunderstanding of the statutes" violated his Fourteenth Amendment constitutional right to due process.

On September 12, 2025, the trial court denied the motion by written order and rejected the Appellant's claim that the juvenile court order contradicted the statements of the juvenile court judge at the transfer hearing based on <u>Williams v. City of Burns</u>, 465 S.W.3d 96, 119 (Tenn. 2015) (a trial court speaks through its written orders-not through oral statements contained in the transcripts).  The trial court additionally concluded that the

---

[1] At the time of the offense, Tennessee Code Annotated section 37-1-134(a)(1)-(4) provided the circumstances in which a juvenile court shall transfer a juvenile accused of conduct that constitutes a criminal offense to the criminal court to be tried as an adult.  The juvenile must be at least sixteen years old at the time of the offense and be provided with notice and a hearing.  Tenn. Code Ann. § 37-1-134(a)(1)-(3).  During the hearing, the juvenile court must find "reasonable grounds to believe" that the juvenile committed the delinquent act as alleged, that the juvenile "is not committable to an institution for the mentally retarded or mentally ill," and that the community's interests require legal restraint or discipline of the juvenile.  <u>Id.</u> at (a)(4)(A)-(C).  When making the determination of whether or not to transfer the juvenile to be dealt with as an adult, the juvenile court shall consider the following factors: "(1) [t]he extent and nature of the child's prior delinquency records; (2)[t]he nature of past treatment efforts and the nature of the child's response thereto; (3)[w]hether the offense was against person or property, with greater weight in favor of transfer given to offenses against the person; (4)[w]hether the offense was committed in an aggressive and premeditated manner; and (5)[t]he possible rehabilitation of the child by use of procedures, services and facilities currently available to the court in this state...."  Tenn. Code Ann. § 37-1-134(b)(1)-(5).

Appellant failed to demonstrate the existence of a clerical error in the juvenile transfer order. This appeal followed.

## ANALYSIS

The sole issue presented for our review is whether the trial court abused its discretion in denying the Appellant's Rule 36 motion to correct an alleged clerical error in the juvenile court's 2000 transfer order.

A trial court's decision on a Rule 36 motion is reviewed for abuse of discretion. A court abuses its discretion when it applies an incorrect legal standard, reaches an illogical conclusion, or bases its ruling on a clearly erroneous assessment of the evidence. Rule 36 authorizes a court to "correct clerical mistakes in judgments, orders, or other parts of the record, and errors arising from oversight or omission." Tenn. R. Crim. P. 36. A "clerical error" occurs when the written judgment fails to accurately reflect the court's actual decision. See State v. Brown, 479 S.W.3d 200, 213 (Tenn. 2015).

Rule 36 does not expressly provide that a court may correct the clerical mistakes of a different court, and the Appellant does not provide us with any authority interpreting the Rule in this way. At most, the Appellant reasons the circuit court had authority to correct the alleged clerical error in the juvenile court transfer order based on "concurrent jurisdiction[.]" We disagree and conclude that a trial court's Rule 36 authority is limited to correcting ministerial errors in a court's own orders and does not extend to substantive amendments or corrections to judgments entered by a different court. This makes sense particularly where each court system maintains authority over its own clerical corrections. Here, Rule 213 and Rule 310 of the Tennessee Rules of Juvenile Practice and Procedure provide the mechanism for correcting clerical mistakes in the juvenile court system. Additionally, when a party seeks to challenge or modify a juvenile court transfer order, appellate procedures apply, see e.g., In re Isaiah L., 340 S.W.3d 692, 707-708 (Tenn. Ct. App. 2010) and Tenn. Code Ann. § 37-1-159(d)-(f), rather than permitting a trial court to amend or modify the juvenile court order. Accordingly, while the Appellant correctly notes that Rule 36 permits a court to correct its own clerical errors, in this case, the transfer order was entered by the juvenile court—not the circuit court reviewing the Rule 36 motion. Thus, as a threshold matter, the trial court lacked authority to amend or revise the juvenile court's order. This jurisdictional bar alone supports affirmance.

Even assuming arguendo that Rule 36 could reach the juvenile court's order, the Appellant has not shown a clerical error. The Appellant argues that the juvenile judge's oral comments did not include a finding of probable cause as required by Section 37-1-134(a)(4)(A) (requiring the juvenile court to find that the juvenile committed the delinquent act as alleged). He emphasizes the judge's statement that the degree of murder

- 4 -

was "not this court's decision to make today." He also points to ambiguous phrasing suggesting the community-interest factor may not have been found. However, our review of the transcript also reflects that the juvenile court repeatedly acknowledged the statutory criteria and expressly stated that "the State has met the requirements on the transfer." The court ultimately concluded that transfer was appropriate and entered a signed written order reflecting the statutory findings. This court affirmed the determination of the juvenile court in denying the Appellant's ineffective assistance of appellate counsel claim based on counsel's failure to challenge the juvenile court's transfer decision on appeal. See Atkins v. State, No. W2006-02221-CCA-R3-PC, 2008 WL 4071833, at *7 (Tenn. Crim. App. Aug. 29, 2008) (observing that the juvenile court carefully considered all the evidence and determined that the State demonstrated probable cause to believe that the Appellant committed the delinquent act of murder, that it was done in an aggressive manner, that despite the favorable mitigating evidence presented by the defense, the community's interests required legal restraint or discipline of the Appellant, and that the Appellant would not have prevailed on direct appeal of this issue).

Thus, even if certain oral statements were imprecise, the record does not show that the juvenile court transfer order failed to memorialize the court's intended findings. Ambiguous or incomplete oral remarks do not transform a judicial determination into a clerical error. In our view, rather than showing an alleged clerical error, as required for Rule 36 relief, the bulk of the Appellant's brief focuses on the substantive consequences that would follow if the transfer order were rewritten to reflect his interpretation of the transcript. He argues that correcting the alleged clerical error would reveal an underlying appealable error—specifically, that the juvenile court lacked statutory authority to transfer him—and that due-process principles should require reopening the transfer question entirely. But Rule 36 is not a mechanism to obtain substantive relief or to relitigate the validity of a decades-old transfer order. See State v. Allen, 593 S.W.3d 145, 154 (Tenn. 2020) (cautioning that Rule 36 "is not to allow a court to invalidate or vacate a prior order through the guise of correcting a clerical mistake"). The Appellant is in effect challenging the judicial determination of the juvenile court which involved the exercise of discretion and the evaluation of evidence, not clerical mistakes subject to Rule 36 correction. Accordingly, based on Rule 36's narrow scope, the lack of authority to alter another court's judgment; and the absence of any demonstrated clerical mistake, the trial court did not abuse its discretion in denying the Appellant's motion. Its decision was consistent with established Rule 36 jurisprudence and supported by the record.

## CONCLUSION

The Appellant has not shown a clerical error in the juvenile court's 2000 transfer order, nor has he established that the trial court had authority under Rule 36 to revise that

order.  The trial court properly denied the motion.  The judgment of the trial court is affirmed.

s/ *Camille R. McMullen*
_____
CAMILLE R. MCMULLEN, JUDGE